HUGHES, J.,
dissenting.
Iil respectfully dissent and would affirm the ruling of the court of appeal.
While the Supreme Court may be bound by our interpretation of Louisiana statutes, I do not believe that deference extends to constitutional issues. I would adhere to the interpretation of the instant issue given by the United States Supreme Court in Leocal v. Ashcroft, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), which found that the employment of force in a crime of violence must be intentional, and not merely negligent. I have serious reservations about a general criminal intent analysis that turns negligent acts, even if grossly negligent, into “crimes of violence.”
The designation of certain crimes of violence by the Legislature is unquestioned. Problematic is the catch-all phrase in the statute that provides that “an offense ... that, by its very nature, involves a substantial risk that physical force against the person ... of another may be used in the course of committing the offense” is a crime of violence. See LSA-R.S. 14:2(B).
Certainly physical force has been applied against the person of the homicide victim of a drunk driver, but that is obvious and not the intent of the statute. When |2the definition of a crime includes a homicide committed by one driving an automobile, it is rather pointless to say there *175 is a “substantial risk” that physical force “may be used” against the victim. As the Supreme Court indicated in Leocal, there is a difference between one who stumbles into a person and one who applies force against another by intentionally pushing the other. Thus an automobile intentionally driven into a police officer would constitute a crime of violence, while negligent, non-intentional driving leading to injury would not. In the latter, the traditional element of scienter (guilty knowledge) is lacking.
Criminal statutes, penal in nature, are to be strictly construed. They should provide certainty and consistency in application. Allowing negligent acts to be designated crimes of violence on a case-by-case basis by a trial court does not comply with established criminal law interpretation.